```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**JIMMIE LEE THOMPSON**                                              **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:06CV75-WHB-JCS**

**SOUTHERN NATIONAL FINANCIAL CORPORATION,**
**UNITED NATIONAL CORPORATION AND**
**W. E. LOVE & ASSOCIATES, ABC, AND DEF**                          **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on Plaintiff Jimmie Lee Thompson's Motion to Remand. Having considered the Motion, Response, and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion to Remand is not well taken and should be denied.

### I. Factual Background and Procedural History

This cause of action arises out of an insurance coverage dispute. Thompson was involved in a motor vehicle accident on Highway 7 near Grenada, Mississippi on February 14, 2003. At the time of the accident, Plaintiff was driving a 1997 Freightliner truck, which was purportedly insured by Defendant Southern National Financial Corporation, Defendant United National Corporation and/or Defendant W. E. Love and Associates. Thompson contends that he suffered both bodily injury and property damage as a result of the accident. His claim for coverage was denied by Defendants.

Aggrieved by the coverage denial, Plaintiff filed the subject suit in the Circuit Court of Smith County, Mississippi on August 26, 2005.  Defendants removed the case to this Court on February 6, 2006.  The jurisdictional basis for the removal was diversity of citizenship under 28 U.S.C. § 1332.  The subject Motion to Remand was filed on March 3, 2006.  That Motion is now ripe for consideration by the Court.

## II.  Analysis

As stated above, Defendants removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between- (1) citizens of different states...."  All parties agree that complete diversity of citizenship exists between Plaintiff on the one hand, and Defendants on the other.  The issue to be decided herewith is whether the required amount in controversy, damages in excess of $75,000, is met.

28 U.S.C. § 1441(a) provides in relevant part

> any civil action brought in a State court of which the district courts of the United States have original juris-diction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of establishing federal jurisdiction." Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989) (citation omitted). Whether a case is removable must be determined by reference to the allegations made in the original pleadings. Wheeler v. Frito-Lay, Inc., 743 F. Supp. 483, 485 (S.D. Miss. 1990). The United States Court of Appeals for the Fifth Circuit has held that when removal is based on diversity of the parties, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. See, Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

A court has two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. Id. Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. Id. However, removal may not be based simply upon conclusory allegations. Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

In the subject case, Plaintiff's Complaint clearly limits damages to a total of $70,000. Complaint, *ad damnum* clause (demanding judgment of $35,000 for actual damages and $35, 000 for

3

punitive damages).  However, in Plaintiff's Responses to Defendants' Requests for Admissions, he denied that the recovery sought in this suit is limited to $70,000. Plaintiff's Responses to Requests for Admissions, response nos. 14 & 15, attached as Exhibit "B" to Notice of Removal.  Also, in his Interrogatory Responses, Plaintiff affirmatively stated that he seeks damages for lost wages totaling $77,000 and property damages totaling $37,000, as well as unspecified amounts for bodily injury and emotional distress. Plaintiff's Responses to Interrogatories, response no. 5, attached as Exhibit "C" to Notice of Removal.

Although Plaintiff's Complaint specifically limits damages to less than the $75,000 jurisdictional minimum of this Court, Defendants contend that removal is proper under 28 U.S.C. § 1446(b).  In relevant part, § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable....

(Emphasis added). Defendants contend that Plaintiff's Responses to Requests for Admissions and Plaintiff's Responses to Interrogatories constitute "other paper" on which federal jurisdiction can be based.  The Court agrees.

In Beasley v. Personal Fin. Corp., 279 B.R. 523 (S.D. Miss. 2002), this Court defined the phrase "other paper" in the context

4

of § 1446(b).  Citing <u>Addo v. Globe Life & Accident Ins. Co.</u>, 230 F.3d 759, 762 (5th Cir. 2000), this Court stated:

> The United States Court of Appeals for the Fifth Circuit has set forth the following two prong test for determining whether a paper is "other paper": "other paper" must (1) "result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction," and (2) "not be plainly a sham."

<u>Beasley</u>, 279 B.R. at 530; <u>see also</u>, <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494 (5th Cir. 1996).  Plaintiff's discovery responses were voluntary acts which gave Defendants notice of a changed circumstance which now supports federal jurisdiction, and Defendants' assertion of their right to remove this case under the changed circumstance is not a sham.  The Court therefore finds that Plaintiff's discovery responses were "other paper" as contemplated by § 1446(b), and that removal of this case was proper.

In an attempt to neutralize Defendants' "other paper" argument, Plaintiff states that he "is willing to sign and [sic] affidavit to the effect that he will neither seek nor accept any sum of money in excess of $70,000...." Motion to Remand, ¶ 2.  Plaintiff's attempt to defeat federal jurisdiction in this manner is flawed in two respects.  First, no such affidavit is included as an exhibit to the Motion to Remand.  As such, Plaintiff's offer is without legal force and effect.

Second, even if an affidavit had been attached, "a plaintiff may not defeat removal by subsequently *changing* his damage request,

5

because post-removal events cannot deprive a court of jurisdiction once it has attached[.]" <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 265 (5th Cir. 1995)(citation omitted; emphasis in original). "The jurisdictional facts that support removal must be judged at the time of the removal." <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000)(citation omitted). Based on the holdings in <u>Cavallini</u> and <u>Gebbia</u>, the Court finds that the proposed post-removal reduction of the amount in controversy in the subject case provides no basis for remanding this case to state court.

For all of the reasons stated above, this Court finds that the exercise of federal jurisdiction is proper in this case. Accordingly, the subject Motion to Remand must be denied.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (docket entry no. 3) is hereby denied.

SO ORDERED this the 12th day of April, 2006.


                                    <u>s/ William H. Barbour, Jr.</u>
                                    UNITED STATES DISTRICT JUDGE

tct